**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOHN TIMOTHY PRICE,**

     **Plaintiff,**

     **v.**                         **CASE NO.  22-3003-SAC**

**MICHAEL KAGAY, et al.,**

     **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>
<u>**TO SHOW CAUSE**</u>

Plaintiff John Timothy Price is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff's Motion to Appoint Counsel (Doc. 6) also before the Court is denied.

**I.  Nature of the Matter before the Court**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 5.)  Plaintiff, a pretrial detainee, is currently confined at the Douglas County Jail in Lawrence, Kansas.

Plaintiff alleges that Michael Kagay, District Attorney for Shawnee County, used the false name John Paul Washburn and claimed to represent one of the parties to a child in need of care suit during a Zoom hearing.  Plaintiff seems to be asserting that Kagay conspired with the Kansas Department of Children and Families and officials of Douglas County to bring false charges against him in Case No. 2021-CR-2508.  He claims violation of the Lanham Act, the "intentional tort of emotional distress," the Fifth Amendment, and the Eighth Amendment.

Plaintiff names as defendants Michael Kagay and the Kansas Department of Children and Families.  Plaintiff seeks injunctive relief "prohibiting further duress, coercion of complaints by Shawnee County and/or Douglas County public servants and their law enforcement departments and agencies!"

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III.  DISCUSSION

Similar to Plaintiff's claims in *Price v. Dixon*, Case No. 21-3283-SAC, also pending before this Court, the Complaint seems to be making allegations of impropriety in connection with charges Plaintiff faces in a pending state criminal matter.  As explained previously, Plaintiff should raise his concerns in that case.  It is not appropriate for this Court to intervene in an ongoing state criminal proceeding.  Under *Younger v. Harris,* 401 U.S. 37, 45 (1971), abstention is both appropriate and mandated when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court affords an adequate forum to hear the claims raised in the plaintiff's federal complaint, and (3) the state proceedings implicate important state interests.  *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).  There are narrow exceptions for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" involving irreparable injury, but Plaintiff's allegations are too conclusory and lacking in detail to fall within an exception.  *See Younger,* 401 U.S. at 46–55.

Further, Plaintiff's reference to the Lanham Act is misplaced.  The Lanham Act protects trademarks and also creates a cause of action for unfair competition through misleading advertising.  *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014).  It does not apply to Plaintiff's allegations.  In addition, Plaintiff does not explain how he believes his Fifth and Eighth Amendment rights have been violated.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed for failure to state an actionable claim.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed without further notice.

## V.  Motion to Appoint Counsel (Doc. 6)

Plaintiff asks the Court to appoint an attorney to represent him because he cannot afford to hire one, because the issues are complex, and because the case will likely involve substantial investigation and discovery.

Plaintiff's request for the appointment of counsel is denied at this time.  There is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it does not appear that Plaintiff has asserted a colorable claim.  The Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made without prejudice.  If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **March 3, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 6) is **denied** without prejudice.

**IT IS SO ORDERED**.

**Dated February 1, 2022, in Topeka, Kansas.**

**s/  Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**