IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

    **Plaintiff,**

    v.                                            **CASE NO. 22-3003-SAC**

**MICHAEL KAGAY, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 7) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 9).

In the Complaint, Plaintiff alleges that Michael Kagay, District Attorney for Shawnee County, Kansas, used the false name John Paul Washburn and claimed to represent one of the parties to a child in need of care suit during a Zoom hearing. Plaintiff seems to be asserting that Kagay conspired with the Kansas Department of Children and Families and officials of Douglas County to bring false charges against him in Case No. 2021-CR-2508. He claims violation of the Lanham Act, the "intentional tort of emotional distress," the Fifth Amendment, and the Eighth Amendment.

The MOSC found that the Complaint failed to state an actionable claim because the Court is prohibited from intervening in Plaintiff's pending state criminal matter under *Younger v. Harris,* 401 U.S. 37, 45 (1971), because the Lanham Act is not relevant to any of Plaintiff's factual

allegations, and because Plaintiff did not explain how he felt his Fifth and Eighth Amendment rights were violated.

In apparent response to the MOSC, Plaintiff filed a Notice (Doc. 10). He first complains that the defendants have not made any Rule 26 disclosures or otherwise cooperated with discovery. However, the defendants have not been served because the case has not survived screening under 28 U.S.C. § 1915A(a).

Plaintiff then argues the defendants violated "the free-standing Emolument Clause" by using their offices for advantage and/or profit and violated their oaths of office. Further, he asserts that he stated claims that could be granted for "unlawful imprisonment, embracery, excessive force, coercion in its various forms, compulsory self-incrimination, along with infringement of the Constitution's Emolument Clause."

The Domestic Emoluments Clause of the Constitution only applies to the President of the United States, so the Court presumes Plaintiff is referring to the Foreign Emoluments Clause. The Foreign Emoluments Clause states that "no Person holding any Office or Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State." U.S. Const. art. I, § 9, cl. 8. By its terms, it only applies to certain federal officials, not the defendants named by Plaintiff who are local police officers.

Plaintiff's other asserted "claims" are completely unsupported by factual allegations. In addition, he does not address the deficiencies noted in the MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court finds that dismissal of this matter counts as Plaintiff's second strike under the PLRA. Thus, if Plaintiff accumulates one more strike, he will be unable to proceed in forma pauperis in future civil actions before federal courts unless he is under imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated March 17, 2022, in Topeka, Kansas.**

s/ Sam A. Crow\_\_\_\_\_
**Sam A. Crow**
**U.S. Senior District Judge**